CELESTE G. BROUGHTON v. HARRY DuMONT

No. 7910SC45

(Filed 6 November 1979)

**Process § 7; Rules of Civil Procedure § 4— service of process by mail—insufficient service**

Service of process was not accomplished by mail as permitted by G.S. 1A-1, Rule 4(j)(1)c where the return receipt was not addressed to the party to be served, was not restricted to delivery to the addressee only, and was not signed by the party to be served. Furthermore, the record failed to support plaintiff's contention that the less demanding type of service allowed under G.S. 1A-1, Rule 4(j)(9)b was justified on the ground that defendant was concealing his whereabouts to avoid service of process.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 12 September 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 21 September 1979.

This action was instituted to recover damages from defendant attorney for breach of contract and professional malpractice. Defendant is a natural person who, at the time the summons was issued, resided in Buncombe County, North Carolina. Plaintiff attempted service of process by certified mail. The return receipt does not indicate any form of restricted delivery and was signed by one R. E. Harrell, as "authorized agent". Defendant answered in apt time, asserting as a first defense a motion to dismiss for insufficiency of service of process; as a second defense, a motion to dismiss on the grounds that plaintiff's claim was barred by the statute of limitations; and as a third defense, a general denial. Defendant's motions to dismiss were heard by the trial judge on 11 September 1978. On 8 September 1978 plaintiff filed affidavits in opposition to defendant's motion to dismiss. The affidavits were not mailed on that day to defendant's counsel, but were hand delivered by plaintiff on the day of the hearing. Following the hearing on 11 September 1978, the trial court entered an order on 12 September 1978 granting both of defendant's motions to dismiss. Plaintiff gave immediate notice of appeal and on the same day, filed a motion to "allow the process or proof of service to be amended as provided under Rule 4(i) of the North Carolina Rules of Civil Procedure." That motion was denied by order of the trial court dated 14 September 1978. Plaintiff appealed from

that order. The trial court's order of 12 September 1978 dismissing plaintiff's action for insufficiency of service of process contained no findings of fact.

*Celeste G. Broughton, plaintiff appellant, pro se.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr. & Nigle B. Barrow, Jr., for defendant appellee.*

WELLS, Judge.

Plaintiff has brought forward twelve separate assignments of error. We need to deal with but two: 1) whether the trial court committed error in granting defendant's motion to dismiss for insufficiency of process; and 2) whether the trial court abused its discretion in denying plaintiff's motion to amend the summons.

Plaintiff's complaint contains the following allegations with respect to the residence of the defendant:

1. The defendant is a resident of 15 Grove Wood Drive, Asheville, North Carolina. He is a licensed, practicing attorney and a partner in the law firm of Uzzell and DuMont, 311 Jackson Building, Asheville, North Carolina 28807.

The summons was directed to:

HARRY DuMONT
Uzzell and DuMont Attorneys
311 Jackson Building
Asheville, N.C. 28807

The return of service on the summons was not filled in. The only indication of service included in the record was a certified mail return receipt signed by one R. E. Harrell. The certified mail return receipt indicated no form of restricted delivery, did not indicate the name or address of the addressee, and disclosed no date of delivery.

On a motion to dismiss for insufficiency of process where the trial court entered an order without making findings of fact, the Court of Appeals will determine as a matter of law if the manner of service of process was correct. *Philpott v. Johnson,* 38 N.C. App. 380, 247 S.E. 2d 781 (1978); *Sherwood v. Sherwood,* 29 N.C.

---

Broughton v. DuMont

---

App. 112, 223 S.E. 2d 509 (1976). It is clear from this record that defendant, at the time of the issuance of the summons in this case, was a natural person domiciled within the State, within the purview of G.S. 1-75.4(1)b and that therefore jurisdiction over his person would obtain only pursuant to Rule 4(j) of the Rules of Civil Procedure. Rule 4(j)(1) provides for service on a natural person by delivery to the person, delivery to an agent, or by mail. The provisions for service by mail are to be found in Rule 4(j)(1) as follows:

> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee only.

We find that plaintiff did not follow the provisions of Rule 4(j)(1)c in that the return receipt was not addressed to the party to be served, was not restricted to delivery to the addressee only, or receipted by the party to be served. Sufficient service was not accomplished pursuant to the above cited Rule.

Plaintiff contends, however, that Rule 4(j)(1)c is not controlling in this case and that under the facts of this case, her attempted service should be found sufficient pursuant to the terms of Rule 4(j)(9)b. She bases this argument on her contention that defendant was concealing his person or whereabouts to avoid service of process. The only basis for such contention on the part of the plaintiff is found in her affidavit of 8 September 1978, executed more than two months after the summons was issued on 6 July 1978, in which appears the following paragraph:

> 2. The plaintiff has received information which caused her to believe defendant was concealing his whereabouts to avoid process . . . . Said information involved the fact that defendant faces several indictments for embracery as well as current civil suits.

We find that there are no facts or information in the record which would justify the less demanding type of service allowed under Rule 4(j)(9)b.

Where a statute provides for service of summons by designated methods, the specified requirements must be complied with or there is no valid service. *Guthrie v. Ray*, 293 N.C. 67, 235

S.E. 2d 146 (1977). Statutory provisions prescribing the manner of service of process must be strictly construed, and the prescribed procedure must be strictly followed; and unless the specified requirements are complied with, there is no valid service. *Id.* Service in this case was insufficient. Since there was no valid service of process, the court acquired no jurisdiction over defendant. *Sink v. Easter,* 284 N.C. 555, 202 S.E. 2d 138 (1974), *rehearing denied,* 285 N.C. 597 (1974).

As indicated previously in this opinion, plaintiff has appealed from the trial court's order denying her motion to amend the "process or proof of service." The fatal flaw in plaintiff's attempted service was not in the wording of the summons, nor in the "proof" of service. Rather, it was in plaintiff's failure to strictly adhere to the statutory method by reason of the manner in which she mailed the process. She does not, in her motion, even attempt to show that she complied with the statutory mailing requirements, but merely alleges that since the defendant had knowledge of the action, justice would be served by finding him bound by her attempted service. She cites no authority for such a proposition and we are aware of none.

The judgment of the trial court dismissing plaintiff's action for insufficiency of service of process was correct. This holding renders all other assignments of error moot.

Affirmed.

Judges VAUGHN and CLARK concur.