OLLIE RIMER LONG, MARY ELLEN LONG ROSEMAN AND VIRGINIA LONG STANCIL v. CABARRUS COUNTY BOARD OF EDUCATION

No. 8019DC1051

(Filed 16 June 1981)

**Rules of Civil Procedure § 4; Schools § 4— service of process of board of education**

   A county board of education was not properly served with process where process was left with the wife of the chairman of the board at his usual place of abode, since G.S. 1A-1, Rule 4(j)(5)(c) requires *personal* service of certain named officials or agents of a board of education and does not permit leaving the process with other persons.

APPEAL by defendant from *Warren, Judge.* Order entered 25 August 1980 in District. Court, CABARRUS County. Heard in the Court of Appeals 30 April 1980.

Plaintiff brought this action against the Cabarrus County Board of Education to declare the rights of the parties in a certain tract of land in Cabarrus County. The Board of Education moved to dismiss the action on grounds that the service of process failed to comply with the provisions of Rule 4(j)(5)(c) of the North Carolina Rules of Civil Procedure. The order of the trial court contains a finding of fact that the summons and complaint were served on the Board of Education by serving the Chairman of the Board, Stuart Black, in the following manner: "the Deputy Sheriff of Cabarrus County, North Carolina, left copies with Mrs. Stuart Black who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of

abode." The trial judge denied defendant's motion and defendant has appealed.

*James A. Corriher for plaintiff appellees.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for the defendant appellant.*

WELLS, Judge.

Defendant's only assignment of error is to the trial judge's conclusion that the service of process in this action complied with G.S. 1A-1, Rule 4(j)(5)(c) of the Rules of Civil Procedure. The pertinent provisions of Rule 4 provide that in an action commenced in a court having subject matter jurisdiction and grounds for personal jurisdiction, service of process upon a county or city board of education shall be made

> (i) by personally delivering a copy of the summons and of the complaint to an officer or director thereof, or (ii) by personally delivering a copy of the summons and of the complaint to an agent or attorney in fact authorized by appointment or by statute to be served or to accept service in its behalf, or (iii) by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney in fact as specified in (i) and (ii).

"Where a statute provides for service of summons by designated methods, the specified requirements must be complied with or there is no valid service." *Broughton v. DuMont,* 43 N.C. App. 512, 514, 259 S.E. 2d 361, 363 (1979), *disc. rev. denied,* 299 N.C. 120, 262 S.E. 2d 5 (1980). The service of process in this action was not performed in accordance with the clearly stated, explicit provisions in Rule 4(j)(5)(c) which require *personal* service on certain named officials or agents, and does not allow for leaving the process with other persons, as is allowed when the action is against a natural person. *See,* Rule 4(j)(1)(a). The service was therefore defective and insufficient to obtain personal jurisdiction over the Board of Education. *Id.* at 515, 259 S.E. 2d at 363; *see also, Hassell v. Wilson,* 301 N.C. 307, 314, 272 S.E. 2d 77, 81-82 (1980); *Tinkham v. Hall,* 47 N.C. App. 651, 653, 267 S.E. 2d 588, 590 (1980). Plaintiff's agrument that the Board of Education received

actual notice of the proceedings is immaterial. Actual notice may not supply validity to service unless the service is in the manner prescribed by statute. *Stone v. Hicks*, 45 N.C. App. 66, 67, 262 S.E. 2d 318, 319 (1980); *accord, Hall v. Lassiter*, 44 N.C. App. 23, 25, 260 S.E. 2d 155, 157 (1979), *disc. rev. denied*, 299 N.C. 330, 265 S.E. 2d 395 (1980).

Reversed.

Judges VAUGHN and CLARK concur.