ONER MacARTHUR STEFFEY AND PATRICIA STEFFEY, PLAINTIFFS v.
    MAZZA CONSTRUCTION GROUP, INC. AND CITY OF BURLINGTON,
    DEFENDANTS

No. 9215SC1281

(Filed 1 February 1994)

1. **Process and Service § 69 (NCI4th) — service on city — certified
   mail — city manager as addressee — receipt signed by individual
   as agent**

   Defendant city was properly served with process where
   plaintiffs sent a copy of the summons and complaint by cer-
   tified mail, return receipt requested, addressed to the city
   in care of the city manager, and the receipt was signed by
   an individual as agent for the addressee. N.C.G.S. § 1A-1,
   Rule 4(j)(5)(a); N.C.G.S. § 1A-1, Rule 4(j2)(2).

   **Am Jur 2d, Process §§ 292, 293.**

2. **Process and Service § 14 (NCI4th) — summons — directory
   paragraph — inclusion of sheriff — no fatal irregularity**

   A slight irregularity by the inclusion of the "Sheriff of
   Alamance County" in the directory paragraph of the summons
   was not fatal where the summons was also directed to defend-
   ant city, and the city was properly named as the defendant
   in the complaint and in the caption of the summons.

   **Am Jur 2d, Process §§ 94 et seq.**

Appeal by plaintiffs from order entered 11 September 1992
by Judge J. B. Allen, Jr. in Alamance County Superior Court.
Heard in the Court of Appeals 27 October 1993.

*Donaldson & Horsley, P. A., by Jay A. Gervasi, Jr. and William
F. Horsley, for plaintiffs-appellants.*

*Bailey & Dixon, by Cathleen M. Plaut and Gary S. Parsons,
for defendant-appellee City of Burlington.*

JOHNSON, Judge.

Plaintiffs Oner MacArthur Steffey and Patricia Steffey com-
menced this action in Guilford County on 28 February 1992. Plain-
tiffs filed a complaint which alleged liability against defendant City
of Burlington (City) on grounds of breach of a nondelegable duty

to provide a safe workplace resulting in injuries to plaintiff husband. Summons was issued the same day, return receipt requested. On the face of the summons was entered:

[To:] Sheriff of Alamance County

[Name and Address of First Defendant]

> City of Burlington, c/o The Honorable
>     William R. Baker, City Manager
> Post Office Box 1358
> Burlington, NC, 27216

The certified mail return receipt indicated that the summons and complaint were received and signed for by Carolyn Pickard, who signed in the space designated for a signature by an agent. The City responded with motions to change venue and to dismiss, pursuant to North Carolina General Statutes § 1A-1, Rules 12(b)(2), 12(b)(4) and 12(b)(5) (1990), for insufficient process, insufficient service of process, and lack of jurisdiction.

After venue was changed by consent order, the superior court judge of Alamance County granted a motion to dismiss by defendant City by order filed 11 September 1992. From this order, plaintiffs appeal to our Court.

[1] Plaintiffs argue that the trial court erred in dismissing this action as to defendant City, because defendant was properly served with sufficient process.

North Carolina General Statutes § 1A-1, Rule 4(j)(5)(a) (1990) states in pertinent part:

> (j) *Process—Manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction . . . the manner of service of process within or without the State shall be as follows: . . .

> (5) Counties, Cities, Towns, Villages and Other Local Public Bodies.—

> (a) Upon a city, town, or village by personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk or by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk.

North Carolina General Statutes § 1A-1, Rule 4(j2)(2) (1990) speaks to a judgment by default on service by registered or certified mail:

> Before judgment by default may be had on service by registered or certified mail, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(4). This affidavit together with the return receipt signed by the person who received the mail if not the addressee raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]

Plaintiffs argue that personal jurisdiction was properly exercised by mailing a copy of the summons and of the complaint, by certified mail, return receipt requested, addressed to the city manager. Further, plaintiffs argue that because an affidavit was filed with the court showing proof of such service in accordance with the requirements of North Carolina General Statutes § 1-75.10(4) (1983), this affidavit together with the return receipt signed by Carolyn Pickard, pursuant to North Carolina General Statutes § 1A-1, Rule 4(j2)(2), raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized to be served or to accept service of process. We agree with plaintiffs.

In the case *sub judice*, defendant argues that "the city manager was not served with the certified mail service, as mandated by [Rule 4(j)(5)(a)]. Instead, some unidentified individual apparently signed for the envelope. This is not sufficient to satisfy the specific requirement of Rule 4(j)(5)." Defendant cites *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990) and *Long v. Board of Education*, 52 N.C. App. 625, 279 S.E.2d 95 (1981) to support this argument. However, a distinguishing characteristic of both *Johnson* and *Long* is that the facts therein pertained to personal service, not service by certified mail, return receipt requested, as in the instant case. In *Johnson*, 98 N.C. App. at 150, 389 S.E.2d at 851, our Court stated "[c]learly, the statute does not provide for substituted personal process on any persons other than those named in provisions (j)(5)(a)[.] . . . [T]he *delivery* of the summons to a person other than the named official was insufficient to give the court personal jurisdiction over the City." (Emphasis added.) Defendant attempts

to further distinguish the case at hand, however, as unique in that it deals with service on a municipality, and by arguing that "no agent for service of process may be appointed by the mayor or city manager. . . . The only persons who can receive service for a city are those stated in Rule 4(j)(5), and those officials cannot appoint another to accept process in their stead. . . . [T]he Rule specifically identifies an exclusive list of public officials who can be served to acquire jurisdiction over a city."

However, in *In re Annexation Ordinance*, 62 N.C. App. 588, 303 S.E.2d 380, *disc. review denied and appeal dismissed by* 309 N.C. 820, 310 S.E.2d 351 (1983), our Court considered whether the petitioners' petition for review was properly served on the City of Asheville where the petition was served by certified mail rather than registered mail, return receipt requested. Holding that the petition was properly served, our Court noted that "[t]here is no dispute that the petition was sent by certified mail addressed to the City of Asheville, in care of its City Manager (by name), and was received by the City's mail clerk, who signed the return receipt acknowledging its delivery." *Id.* at 592, 303 S.E.2d at 382. In light of *In re Annexation*, we find that defendant was properly served with sufficient process.

[2] Plaintiffs further argue that "[t]he summons was properly directed to defendant City, and there was no defect in the summons that would render process or service of process ineffective." We note that the section of the summons at issue in this appeal where the words "Sheriff of Alamance County" are typed in is typically left blank. In ruling on this matter, we consider *Wiles v. Construction Co.*, 295 N.C. 81, 85, 243 S.E.2d 756, 758 (1978), where our Supreme Court noted that "any confusion arising from the ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons[.]" Although *Wiles* considered an ambiguity as to a corporation and its registered agent, we find the reasoning used to resolve the matter in *Wiles* sound as to the discrepancy on the facts presented here. Clearly, there was no confusion herein as to the identity of the actual defendant, as evidenced by the complaint and the caption of the summons. We find that the slight irregularity of the summons in the instant case is not fatal in that the summons was properly directed to the City, and the City was properly named as the defendant in the complaint and the caption of the summons.

The decision of the trial court is reversed.

Chief Judge ARNOLD and Judge WELLS concur.