BRITT FENDER AND REBUILDABLE CARS, INC., PLAINTIFFS v.
W. ROBINSON DEATON, JR., DEFENDANT

No. COA97-1252

(Filed 1 September 1998)

**Jurisdiction— service of process—certified mail**

The requirements for service of process prescribed in N.C.G.S. § 1A-1, Rule 4 were met and the trial court erred by dismissing an action for improper service where plaintiffs filed a legal malpractice action against defendant and attempted service by certified mail, return receipt requested; the mail was received and signed for at the law firm by defendant's wife, an employee of the law firm who regularly received, opened, and distributed the mail within the office; and defendant admitted receiving the summons and complaint. The affidavit filed by plaintiff pursuant to Rule 4(j2)(2) and the signed receipt from defendant's wife establish presumption that she acted as agent for defendant in receiving and signing for the certified mail and defendant did not rebut this presumption.

Appeal by plaintiffs from judgments entered 5 May 1997 and 4 June 1997 by Judge Dennis J. Winner in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 May 1998.

**FENDER v. DEATON**

[130 N.C. App. 657 (1998)]

*John E. Hodge, Jr. for plaintiffs-appellants.*

*Dean & Gibson, L.L.P., by Rodney A. Dean and Cheryl L. Kaufman, for defendant-appellee.*

WALKER, Judge.

Plaintiffs filed an action against defendant on 9 October 1996, alleging fraud, constructive fraud, and negligence, based on legal malpractice. Plaintiffs attempted service of process on defendant on 11 October 1996, by certified mail, return receipt requested, pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (Cum. Supp. 1997). The certified mail which included the summons and complaint was addressed to the defendant at his law office and was received and signed for by defendant's wife (Mrs. Deaton), an employee of the law firm who regularly received, opened, and distributed the daily mail within the office. Upon signing for the certified mail, she placed it into the defendant's secretary's box who in turn placed it on defendant's desk. The defendant admits he received the summons and complaint either that day or the next. Thereafter, plaintiffs' attorney filed an affidavit of service pursuant to N.C. Gen. Stat. § 1-75.10(4) (1996), averring that a copy of the summons and complaint was deposited in the United States Post Office for mailing by certified mail, return receipt requested, and addressed to defendant.

On 9 December 1996, defendant filed an answer requesting the following relief: "[t]he [c]omplaint of the [p]laintiff should be dismissed for failure to comply with the provisions of Rule 12(b)(2) [lack of personal jurisdiction] and 12(b)(5) [insufficiency of service of process] of the North Carolina Rules of Civil Procedure." Defendant alleged that since a person other than himself signed for the certified mail containing the summons and complaint, he was not personally served as required by the Rules.

The trial court held a hearing on defendant's motion to dismiss and entered an order which included the following findings:

3. The box marked for "restricted delivery" upon said post office form is not checked.

4. Service was attempted by said certified mail at the office of [defendant], and not the residence of [defendant].

5. There was no formal office procedure with respect to taking delivery of the mail, but it was the custom in that firm of whomever handled the mail to sign for certified mail when it

FENDER v. DEATON

[130 N.C. App. 657 (1998)]

was delivered. Mrs. Deaton had signed and received certified mail many times in the past except when the "return receipt" was restricted to the addressee only and the post office would not allow her to receive it.

Based upon these findings, the trial court concluded that defendant had not been served personally, as required by Rule 4(j)(1)(c) and dismissed the action for lack of proper service pursuant to Rules 12(b)(4) and (5). Plaintiffs then filed a motion pursuant to Rule 59(e) to alter or amend the trial court's order without prejudice, which was denied on the grounds that the court did not have discretion to grant such motion. N.C. Gen. Stat. § 1A-1, Rule 59 (e) (1990).

On appeal, plaintiffs contend the trial court erred by (1) dismissing the action by finding service of process insufficient under Rule 12(b)(4) and (5); and (2) denying plaintiffs' motion to alter or amend the order or judgment of dismissal under Rule 59(e).

As to the first issue, it is well established that a court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods. *Glover v. Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), *disc. review denied*, 347 N.C. 575, —— S.E.2d —— (1998) (citations omitted). Thus, absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. *Id.; see also Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974).

Here, jurisdiction could be obtained over defendant pursuant to Rule 4(j)(1), which provides for service of process: (a) by delivering a copy of the summons and complaint to defendant personally, or by leaving a copy of the summons and complaint at defendant's dwelling house or usual place of abode with some person of suitable age and discretion residing therein; or (b) by delivering a copy of the summons and complaint to defendant's agent authorized by appointment or by law to be served or to accept service; or (c) by mailing a copy of the summons and complaint to defendant by registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1).

The purpose of the service requirement is to provide notice to the party against whom the proceeding or action is commenced and allow them an opportunity to answer or otherwise plead. *Hazelwood v. Bailey*, 339 N.C. 578, 581, 453 S.E.2d 522, 523 (1995) (citation omitted).

FENDER v. DEATON

[130 N.C. App. 657 (1998)]

Defendant contends that although he received actual notice, such notice was not valid since service of process was not in compliance with Rule 4(j)(1)(c) which requires strict adherence to the manner for service. Defendant cites the following cases to support his position: *Broughton v. DuMont*, 43 N.C. App. 512, 259 S.E.2d 361 (1979), *disc. review denied and appeal dismissed*, 299 N.C. 120, 262 S.E.2d 5 (1980); *Shelton v. Fairley*, 72 N.C. App. 1, 323 S.E.2d 410 (1984), *disc. review denied*, 313 N.C. 509, 329 S.E.2d 394 (1985); *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990); and *Integon General Ins. Co. v. Martin*, 127 N.C. App. 440, 490 S.E.2d 242 (1997).

We find the instant case to be distinguishable from the cases defendant relies on. In *Broughton*, this Court found that "plaintiff did not follow the provisions of Rule 4(j)(1)(c) in that the return receipt was not addressed to the party to be served, was not restricted to delivery to the addressee only, or receipted by the party to be served." *Broughton v. DuMont*, 43 N.C. App. at 514, 259 S.E.2d at 363. The only indication of service included in the record was a certified mail return receipt signed by R.E. Harrell. *Id.* at 513, 259 S.E.2d at 362. Since the certified mail return receipt indicated no form of restricted delivery, did not indicate the name or address of the addressee and disclosed no date of delivery, this Court held "[s]ufficient service was not accomplished pursuant to [Rule 4(j)(1)(c)]." *Id.* at 514, 259 S.E.2d at 363. Unlike *Broughton*, the return receipt here was dated and addressed to the defendant and plaintiff filed an affidavit of service, attaching the return receipt signed by Mrs. Deaton.

*Integon* dealt with Rule 4(d) which sets out the requirements for an alias or pluries summons and is not applicable to the issue at hand. *Integon General Ins. Co. v. Martin*, 127 N.C. App. at 441-442, 490 S.E.2d at 244 (holding that because succeeding summonses did not reference the original summons, they did "not constitute a link in the chain of process" and therefore were not official court documents vested with the court's authority to confer jurisdiction); *see also Shelton v. Fairley*, 72 N.C. App. at 3-4, 323 S.E.2d at 413-414 (holding that summons and complaint personally delivered to one co-defendant at defendants' offices did not meet requirements of Rule 4 (j)(1)(a) which requires that a copy of the summons and complaint be personally served on each defendant or left at each defendant's residence with persons of suitable age and discretion); *see also Johnson v. City of Raleigh*, 98 N.C. App. at 149-150, 389 S.E.2d at 851-852 (holding that service of summons was insufficient to confer personal

jurisdiction over defendant city where a copy of the summons and complaint was delivered to a person other than an official named in Rule 4(j)(5), and that the Court does not recognize substitute service of process when defendant is a city as it does when defendant is a natural person).

In *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984), our Supreme Court held that under the facts of that case the defendants were properly served, stating "[a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court." *Id.* at 544, 319 S.E.2d at 917 (citation omitted). In applying this principle, our Courts have recognized the validity of service of process under circumstances which were deemed to have complied with the requirements of Rule 4. In *Storey v. Hailey*, 114 N.C. App. 173, 441 S.E.2d 602 (1994), the defendant was not a resident of this State and he had appointed a resident attorney as his process agent. The summons was directed to the process agent attorney and the sheriff made service by leaving a copy of the summons and complaint with a law partner of the process agent. The trial court dismissed the action and this Court reversed, finding that service was sufficient under Rule 4 even though the summons and complaint were served on the process agent's law partner. *Id.* at 180, 441 S.E.2d at 606; *see also Wiles v. Construction Co.*, 295 N.C. 81, 85, 243 S.E.2d 756, 758 (1978); and *Trailers, Inc. v. Poultry, Inc.*, 35 N.C. App. 752, 754-755, 242 S.E.2d 533, 535 (1978).

Further, in *Glover*, the deputy sheriff left copies of the summons and complaint with defendant's daughter who was visiting the defendant. *Glover v. Farmer*, 127 N.C. App. at 490, 490 S.E.2d at 577. The defendant contended service was not proper since the daughter was not a member of the household and Rule 4(j)(1)(a) required that the summons be left "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein.*" *Id.* The plaintiff obtained an affidavit from the deputy sheriff who averred that the daughter indicated to the deputy that she resided at defendant's address. *Id.* This Court held that the statutory language "residing therein" was broad enough to include an adult daughter staying with her parents during her visit that week. *Id.* at 492, 490 S.E.2d at 578.

Plaintiffs contend the affidavit by their attorney provides sufficient proof of service pursuant to N.C. Gen. Stat. § 1-75.10(4) and N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (Cum. Supp. 1997). Plaintiffs fur-

ther assert that this affidavit, together with the return receipt signed by Mrs. Deaton, raises a presumption that in receiving the certified mail and signing the receipt, she acted in the capacity of an agent of the addressee and therefore was authorized to accept service for defendant.

This Court dealt with a similar issue in *Steffey v. Mazza Construction Group*, 113 N.C. App. 538, 439 S.E.2d 241 (1994), *disc. review improvidently allowed*, 339 N.C. 734, 455 S.E.2d 155 (1995). There the summons and complaint were addressed to the city manager of the defendant City of Burlington and mailed by certified mail, return receipt requested as required by Rule 4(j)(5)(a). *Id.* at 539, 439 S.E.2d at 242. Another city employee signed the return receipt in the space designated for signature by agent. *Id.* As in this case, defendant contended that it was not properly served and the trial court allowed defendant's motion to dismiss the case. *Id.*

In reversing the dismissal, this Court discussed proof of service under N.C. Gen. Stat. § 1-75.10(4) and N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). *Id.* at 540, 439 S.E.2d at 243. N.C. Gen. Stat. § 1-75.10(4) provides that where the defendant disputes personal jurisdiction by challenging the service of process by registered or certified mail upon him, the plaintiff may establish proof of service by filing an affidavit of service averring the following: (a) "[t]hat a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;" (b) "[t]hat it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee;" and (c) "[t]hat the genuine receipt or other evidence of delivery is attached."N.C. Gen. Stat. § 1-75.10(4). In a similar manner, Rule 4(j2)(2) provides "[b]efore judgment by default may be had on service by registered or certified mail, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(4)." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). This statute further provides that "[t]his affidavit together with the return receipt signed by the person who received the mail if not the addressee raises a *presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process. . . ." Id.* (Emphasis added).

The plaintiff in *Steffey* filed an affidavit of service pursuant to N.C. Gen. Stat. § 1-75.10(4), which this Court held established a pre-

sumption that the employee who signed for the certified mail was an agent of the addressee defendant and was thus authorized to accept service of process on behalf of the defendant. *Steffey v. Mazza Construction Group*, 113 N.C. App. at 540-541, 439 S.E.2d at 243; *see also In re Annexation Ordinance*, 62 N.C. App. 588, 592, 303 S.E.2d 380, 383, *disc. review denied and appeal dismissed*, 309 N.C. 820, 310 S.E.2d 351 (1983) (holding that service was proper where a petition was sent by certified mail addressed to defendant City of Asheville but received by a mail clerk, which receipt was held to be acknowledged by the clerk's signature).

The affidavit filed by the plaintiffs in this case pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) together with the signed receipt by Mrs. Deaton, established a presumption that she acted as agent for defendant in receiving and signing for the certified mail. The defendant attempted to rebut this presumption by his own affidavit in which he asserts that the employees of the law firm were not authorized or appointed as agents to accept service for him. However, in the depositions of defendant and Mrs. Deaton, it was established that certified mail was routinely signed for by Mrs. Deaton and placed in defendant's office. Defendant testified:

> I've never had a policy, our office has never had a policy about you can accept certified mail or you can't accept certified mail. We've just never had an oral or written policy to that effect, but the practice has been that whoever picks up the mail has—if there's been certified mail, has, you know, signed for it if they were allowed to [by the post office].

In addition, Mrs. Deaton testified that she has never been told that she did not have the authority to sign for certified mail and that her actions of signing for certified mail in the past have never been questioned. Thus, the defendant has failed to rebut the presumption that Mrs. Deaton was acting for him in receiving and signing for the certified mail.

In summary, we conclude from the facts of this case that the requirements for service of process prescribed in Rule 4 have been met.

Reversed.

Chief Judge EAGLES and Judge HORTON concur.