**Elliott R. MOORE Plaintiff,**

**v.**

**Roger COX and Miller Brewing Company Defendants.**

**No. 1:04 CV 0047.**

United States District Court, M.D. North Carolina.

Sept. 2, 2004.

Angela Newell Gray, Gray Newell Johnson & Blackmon, LLP, Winston–Salem, NC, for Plaintiff.

Julianna C. Theall, Patti West Ramseur, Smith Moore LLP, Greensboro, NC, for Defendants.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This suit arises from Plaintiff Moore's employment with Miller Brewing Company ("Miller Brewing") and is currently before the Court on Defendant Cox's Motion to Dismiss the Complaint [Doc. # 9]. For the reasons set forth below, the Defendant's Motion will be DENIED in part and GRANTED in part.

### I.

The facts in the light most favorable to the Plaintiff are as follows: Elliott Moore is an African–American male who formerly worked for Defendant Miller Brewing. Mr. Moore filed this lawsuit on January 28, 2004, against both Miller Brewing and Mr. Roger Cox. Mr. Moore alleges wrongful termination and race discrimination against his employer Miller Brewing. Mr. Moore also alleges that Roger Cox, a manager in the Quality Services Department at Miller Brewing, falsely reported to Miller Brewing that Mr. Moore used profanity, and that he made a derogatory statement against management. Mr. Moore further alleges that Mr. Cox communicated false and misleading information regarding Mr. Moore's workplace conduct to other third parties.

On March 17, 2004, the Clerk of Court issued a summons to Mr. Cox. The Summons was addressed to Mr. Cox at the address where Mr. Moore believed that Mr. Cox resided. This service failed to reach Mr. Cox. The Clerk reissued the Summons, this time addressing it to Mr. Cox in care of Miller Brewing Company. Mr. Moore sent this Summons to Roger Cox via certified mail, restricted delivery, on May 10, 2004. The Summons arrived at Miller Brewing on May 14, 2004, 106 days after Mr. Moore filed the Complaint.

Wesley McBride, a security guard employed by Allied Security, LLC, and assigned to the Miller Brewing facility for the day, received the package containing the Summons and Complaint. At the request of the mail carrier, Mr. McBride signed for the package despite seeing the card indicating "Restricted Delivery" to Roger Cox. In a sworn affidavit, Mr. McBride claims that he was unaware that the package he signed for contained legal papers and that he was not authorized by Mr. Cox to accept legal service of process for him. (McBride Aff. ¶¶ 4, 5.) Neither party provided this Court with the date the Summons and Complaint were actually received by Mr. Cox.

Mr. Cox answered the Complaint on June 3, 2004, raising the defenses of improper service and improper service of process. That same day Mr. Cox also filed a Motion to Dismiss alleging insufficient process under Rule 12(b)(4) and insufficiency of service of process under Rule 12(b)(5) because a copy of the Summons was not delivered to Roger Cox or to anyone authorized to accept service for him. Accordingly, Mr. Cox seeks dismissal under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for failure to serve him within 120 days after the filing of the Complaint pursuant to Rule 4(m). Mr. Cox further argues that the defamation and unfair trade practices claims should be dismissed for failure to state a claim upon which relief can be granted.

### II.

Mr. Cox first argues for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure which provides service of a

summons and complaint must be made within 120 days of the filing of the complaint. If service is not completed within that time, and the plaintiff has not shown good cause why he or she failed to effect service, the district court "shall dismiss the action without prejudice ... or direct that service be effected within a specific time." Fed.R.Civ.P. 4(m); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993).

■ The proper method of service upon an individual is to either (1) deliver "a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode" or (2) follow the state law rules for effecting service. Fed.R.Civ.P. 4(e). The North Carolina Rules of Civil Procedure provide that individuals may be served by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. R. Civ. P. 4(j)(1)(c). A plaintiff is not required to mail the summons and complaint to a defendant's residence; sending the suit papers to a defendant's place of employment is within the rule. *See Waller v. Butkovich*, 584 F.Supp. 909, 926 (M.D.N.C.1984).

■ With two exceptions, service of process by registered or certified mail is "complete on the day the summons and complaint are delivered to the address thereon." *Lynch v. Lynch*, 303 N.C. 367, 370, 279 S.E.2d 840, 843 (1981). The two exceptions occur when a plaintiff seeks a judgment by default and when a defendant appears in an action to challenge service. *Id.* In these two situations, a plaintiff must prove service by filing with the court an affidavit that complies with N.C.G.S. § 1-75.10(4). *Id.* The statute requires that the affidavit allege: (a) "[t]hat a copy of the summons and complaint was deposited in

the post office for mailing by registered or certified mail, return receipt requested;" (b) "[t]hat it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and (c) [t]hat the genuine receipt or other evidence of delivery is attached." N.C. Gen.Stat. § 1-75.10(4) (2003). The filing of an affidavit consistent with N.C.G.S. § 1-75.10(4) raises a rebuttable presumption of valid service consistent with North Carolina Rule of Civil Procedure 4(j)(1)(c). *See Fender v. Deaton*, 130 N.C.App. 657, 662-64, 503 S.E.2d 707, 710 (1998); *Lewis Clarke Assocs. v. Tobler*, 32 N.C.App. 435, 438, 232 S.E.2d 458, 459 (1977).

■ Under North Carolina law, this rebuttable presumption is not easily overcome. To rebut, a defendant must provide "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); *See also Cline v. Fairbanks Capital Corp.*, No. 1:03CV0590, 2004 WL 1146694, at *1-2, 2004 U.S. Dist. LEXIS 9146, at *5 (M.D.N.C. May 20, 2004). In addition, a person authorized to receive mail is an authorized agent for purposes of receiving service of process in North Carolina. *Anderson Trucking Service, Inc. v. Key Way Transp., Inc.*, 94 N.C.App. 36, 44, 379 S.E.2d 665, 670 (1989) *cited with approval in Capstar Corp. v. Pristine Indus., Inc.*, 768 F.Supp. 518, 521 (W.D.N.C.1991). In *Capstar*, the court found the presumption was not rebutted when an illegible signature appeared on the certified mail receipt and the defendant claimed that he never even received a summons. 768 F.Supp. at 521. Further, the North Carolina Court of Appeals found the presumption not rebutted from an affidavit stating that employees of the law firm were not authorized or

appointed as agents to accept service for the defendant because the affidavit was not unequivocal evidence. *Fender v. Deaton*, 130 N.C.App. 657, 663, 503 S.E.2d 707, 710–11 (1998).

Mr. Moore is entitled to the rebuttable presumption of valid service because he filed a sufficient affidavit with the Court in response to Mr. Cox's motion to dismiss. (Mem. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. A.) Under North Carolina law, Mr. Cox's motion to dismiss does not unequivocally show that service was improper. Because service was accepted on May 14, 2004, Mr. Cox's motion to dismiss for improper service will be DENIED.

### III.

Mr. Cox next moves to dismiss the defamation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[1] A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that Mr. Moore cannot prove any set of facts in support of his claims that entitles him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). The Fourth Circuit has stated that "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972).

▆ In order to state a claim for defamation, a plaintiff must allege that the defendant made a false statement of or concerning a plaintiff; communicated the statement to some person or persons other than the plaintiff; and that the plaintiff was damaged. *Donovan v. Fiumara*, 114 N.C.App. 524, 527, 442 S.E.2d 572, 574 (1994). North Carolina retains two distinct defamation torts—slander, which involves spoken words, and libel, which involves written words. *Eli Research, Inc. v. United Communications Group*, 312 F.Supp.2d 748, 761 (M.D.N.C.2004). Further, either type of defamation may be actionable *per se* or actionable *per quod*. *Id.* Defamation is actionable *per se* if the statement at issue is defamatory when considered alone, without innuendo or explanatory circumstances. *Id.* Slander *per se* occurs when "false oral communication amounts to (1) an accusation that a plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches a plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." *Id.* Where words are actionable *per se*, the law presumes malice and conclusively presumes damages without specific proof of injury. *Id.*

▆ Defamation is actionable *per quod* when the defamatory character of the words does not appear on their face, but only in connection with extrinsic, explanatory facts. *Id.* Where words are actionable *per quod*, the law requires a plaintiff to plead and prove special damage. *Id.* To prove special damages from defamation, a plaintiff's allegations must evidence a pecuniary loss rather than simple humiliation. *Johnson v. Bollinger*, 86 N.C.App. 1, 11, 356 S.E.2d 378, 384–85 (1987). Although damages for emotional distress are insufficient, a claim alleging loss of business income and damage to one's profession is sufficient. *Id.*

---

1. Mr. Moore also argued that the claim is barred by the applicable statute of limitations for defamation. Because this argument first required a finding that the service of process was improper, that portion of the claim will be rendered moot by this Court's finding that Mr. Cox failed to prove improper service.

The Federal Rules of Civil Procedure do not prescribe a special pleading standard for libel or slander cases. Although some courts follow a heightened pleading standard, the Fourth Circuit has joined with a growing number of courts in concluding that since the Federal Rules do not mandate a heightened pleading standard for defamation cases, the liberal pleading requirement of Rule 8(a) requiring only a short and plain statement showing the pleader is entitled to relief applies. *See Wuchenich v. Shenandoah Mem'l Hosp.,* 215 F.3d 1324, 2000 WL 665633, at *14 (4th Cir.2000) *(per curiam) cited with approval in Eli Research, Inc. v. United Communications Group,* 312 F.Supp.2d 748, 762 (M.D.N.C.2004). This liberal pleading standard only requires that a plaintiff provide enough information to put a defendant on notice as to the type of claim and the factual allegations of the claim. *Eli Research, Inc.,* 312 F.Supp.2d at 763.

 Mr. Moore sufficiently alleges all elements of a defamation *per quod* action.[2] The Complaint alleges that Mr. Cox communicated false information "regarding Plaintiff's alleged inappropriate misconduct" to third persons. (Compl. at 8.) In connection with the earlier allegations of the Complaint that allege Mr. Cox falsely reported to Miller Brewing that Mr. Moore used profanity, as well as made a derogatory statement against management, the Complaint puts Mr. Cox on notice as to the type of claim faced and the time frame in which the alleged misconduct took place. (Compl. at 3.) Mr. Moore also specifically alleges "pecuniary damages" and damages "with regard to his profession" resulting from Mr. Cox's false statements. (Compl. at 8.) Although Mr. Moore's defamation claim is vague, he has

provided sufficient information to put Mr. Cox on notice as to the type of claim and the facts surrounding the claim that he will face.

## IV.

Finally, Mr. Cox moves to dismiss the unfair trade practices claim for failure to state a claim upon which relief may be granted. Because Mr. Moore indicates in his response to the Motion to Dismiss the Complaint that he plans to dismiss that claim pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, the motion will be GRANTED.

## V.

For the reasons set forth above, Defendant's Motion to Dismiss the Complaint will be DENIED in part and GRANTED in part.

## ORDER

For the reasons set forth in a contemporaneously filed Memorandum Opinion, Defendant Cox's Motion to Dismiss the Complaint [Doc. # 9] is DENIED in part and GRANTED in part. The Motion is DENIED as to the claims of insufficient process under Rule 12(b)(4), insufficient service of process under Rule 12(b)(5), and failure to state a claim for defamation under Rule 12(b)(6). Defendant Cox's Motion for failure to state a claim for unfair trade practices under Rule 12(b)(6) is GRANTED.

---

2. Although Mr. Moore's complaint does not specify whether he is pursuing a defamation *per se* or *per quod* claim, on page five of his response to Mr. Cox's motion to dismiss, Mr. Moore states that he is not alleging defamation *per se.*