GARY A. CARPENTER, PLAINTIFF-APPELLANT v. STEPHEN REED AGEE AND DAVIS
TRANSPORT, INC., DEFENDANTS-APPELLEES

No. COA04-768

(Filed 21 June 2005)

**Process and Service— statutory presumption of valid service—failure to rebut**

The trial court erred in an action for damages arising out of a motor vehicle accident by granting defendant's motion to dismiss based on insufficient service of the civil summons and complaint, because: (1) by filing a copy of the signed return receipt along with an affidavit that comports with N.C.G.S. § 1-75.10, plaintiff is entitled to a rebuttable presumption of valid service; and (2) defendant's single affidavit does not rebut the presumption when he merely states that he had not resided at the address to which service was addressed since 2002 and he does not state or otherwise present any evidence that his mother, who signed for the civil summons and complaint, was not authorized to accept service for him.

Judge GEER concurring.

Appeal by plaintiff from order entered 9 February 2004 and amended 18 February 2004 by Judge Richard D. Boner in Superior Court, Cleveland County. Heard in the Court of Appeals 2 February 2005.

*Cerwin Law Firm, by Todd R. Cerwin, for plaintiff-appellant.*

*Dean and Gibson, LLP, by Rodney Dean, for defendant-appellee Stephen Reed Agee.*

McGEE, Judge.

Gary Carpenter (plaintiff) appeals from an order entered 9 February 2004 and amended 18 February 2004 granting defendant Stephen Reed Agee's motion to dismiss. Defendant Davis Transport, Inc. (Davis) is no longer a party to this action, pursuant to plaintiff's voluntary dismissal of his claims against Davis filed on 16 December 2003.

Plaintiff filed a complaint on 4 March 2003 seeking damages for injuries he sustained in a motor vehicle collision on 21 August 2000,

that he alleged were caused by the negligence of Stephen Reed Agee (defendant). The civil summons and complaint were addressed to defendant by certified mail, return receipt requested, at an address in San Bernadino, California. The return receipt was signed by defendant's mother, Dixie Agee, at the same address, on 12 March 2003. Plaintiff filed an affidavit of service by certified mail and a copy of the signed return receipt on 25 March 2003. The affidavit averred that a copy of the civil summons and complaint was mailed by certified mail, return receipt requested, and that it was so received on 12 March 2003.

Defendant filed an answer to the complaint on 9 May 2003. Along with his answer, defendant served plaintiff with defendant's first set of interrogatories and request for the production of documents. Plaintiff served defendant with plaintiff's first set of interrogatories on 22 September 2003, to which defendant responded on 9 December 2003.

Defendant filed a motion to dismiss and an affidavit on 16 January 2004, claiming that he was never properly served with the civil summons and complaint. In his affidavit, defendant stated that although defendant's mother resided at the address where the civil summons and complaint were mailed, defendant had not resided at that address since 2002. The trial court granted defendant's motion to dismiss in an order entered 9 February 2004 and amended 18 February 2004.

Plaintiff contends that the trial court erred in granting defendant's motion to dismiss because plaintiff properly served defendant with the civil summons and complaint. Plaintiff argues that plaintiff's affidavit of service by certified mail, coupled with a copy of the signed return receipt, created a presumption of valid service that defendant has failed to rebut.

Rule 4(j)(1)(c) of our Rules of Civil Procedure permit service by certified mail "[b]y mailing a copy of the summons and of the complaint, . . . return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2003). Once service by certified mail is complete, the serving party may make proof of service by filing an affidavit in accordance with N.C. Gen. Stat. § 1-75.10. N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2003). Under N.C. Gen. Stat. § 1-75.10 (2003), the affidavit must aver:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and

c. That the genuine receipt or other evidence of delivery is attached.

Such an affidavit, filed along with a return receipt signed by the individual who received the mail, "raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); *see also Granville Med. Ctr. v. Tipton,* 160 N.C. App. 484, 490-91, 586 S.E.2d 791, 796 (2003); *Fender v. Deaton,* 130 N.C. App. 657, 663, 503 S.E.2d 707, 710 (1998), *disc. review denied,* 350 N.C. 94, 527 S.E.2d 666 (1999); *Steffey v. Mazza Construction Group,* 113 N.C. App. 538, 540-41, 439 S.E.2d 241, 243 (1994), *disc. review improvidently allowed,* 339 N.C. 734, 455 S.E.2d 155 (1995).

By filing a copy of the signed return receipt, along with an affidavit that comports with N.C. Gen. Stat. § 1-75.10, plaintiff is entitled to a rebuttable presumption of valid service. We find that defendant's single affidavit does not rebut the presumption in this case. In his affidavit, defendant merely asserts that he had not resided at the address to which service was addressed since 2002. However, defendant does not state or otherwise present any evidence that Dixie Agee, who signed for the civil summons and complaint, was not authorized to accept service for him. In the absence of such evidence, defendant has failed to rebut the statutory presumption of valid service. We therefore conclude that the Rule 4 requirements of service of process were met, and we reverse the trial court's order granting defendant's motion to dismiss.

Since this issue is dispositive of this case on appeal, we need not address plaintiff's remaining assignments of error.

Reversed.

Judge TYSON concurs.

Judge GEER concurs in the result with a separate opinion.

CARPENTER v. AGEE

[171 N.C. App. 98 (2005)]

GEER, Judge, concurring in the result.

I agree with the majority that the trial court improperly granted defendant's motion to dismiss based on insufficient service. Because, however, I believe that defendant waived this defense, I concur in the result only.

Rule 12(h)(1) of the Rules of Civil Procedure provides: "A defense of . . . insufficiency of service of process is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Defendant filed no initial motion to dismiss, but rather relied upon his answer to assert his defenses. I believe the dispositive question for this appeal is whether defendant's answer waived the defense of insufficiency of process.

Plaintiff and defendant were involved in an accident on 21 August 2000. Accordingly, the statute of limitations ran on 21 August 2003. Plaintiff filed his complaint on 4 March 2003 and on 25 March 2003 filed an affidavit of service indicating that the complaint had been received on 12 March 2003. On 2 April 2003, defendant moved for an extension of his time to respond to the complaint until 12 May 2003. On 8 May 2003, defendant served his answer, interrogatories, and a request for amount of monetary relief sought.

Defendant's answer specifically raised the defenses of contributory negligence and the failure to state a claim for relief. In addition, defendant's answer included a catch-all fourth defense: "The Defendants plead all of the defenses set forth in Rule 12(b) of the North Carolina Rules of Civil Procedure. This Answer is subject to all said defenses and is specifically made without waiving any defense set forth in Rule 12(b) which is incorporated by reference." The answer never specifically mentioned the defense of insufficiency of service of process. Nor did defendant ever amend his answer to add that defense. Defendant did not explicitly raise any inadequacy of service until he filed his motion to dismiss on 16 January 2004.

Defendant cites no authority supporting his contention that his broadside defense incorporating by reference all of the defenses under Rule 12(b) is sufficient to avoid waiver under Rule 12(h)(1). I have been unable to find any such authority from this State, from the federal courts, or from any other state's courts. This absence of authority is hardly surprising given the plain language of North

Carolina's Rules of Civil Procedure, which are substantially similar to the Federal Rules of Civil Procedure on this issue.

Rule 8(b) provides that "[a] party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Defendant contends that "it would be difficult to have a much more plain and concise statement than was raised by the Defendant in this Answer, which specifically incorporated Rule 12(b) defenses by reference." I do not agree that the fourth defense is either plain or concise. While Rule 8(b) does "carr[y] the theme of notice pleading over into responsive pleadings and defenses as well," 1 Gray Wilson, *North Carolina Civil Procedure* § 8-4, at 137 (2d ed. 1995), defendant has overlooked the "notice" part of "notice pleading." Defendant's catch-all paragraph incorporating seven possible defenses—including one, Rule 12(b)(6), already listed as defendant's third defense—hardly provided notice that defendant intended to challenge the sufficiency of service.

This Court has recently held that "[p]ursuant to Rule 12(h)(1) of the North Carolina Rules of Civil Procedure, defenses arising under Rule 12(b)(4) and 12(b)(5) must be *affirmatively plead* in a party's responsive pleadings, or are deemed thereafter waived." *Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 185, 609 S.E.2d 456, 459 (2005) (emphasis added). Under Rule 8(c), defenses "constituting an avoidance or affirmative defense" must similarly be "affirmatively" set forth or are waived. *Duke Univ. v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 673, 384 S.E.2d 36, 42 (1989) (affirmative defense must be pled "with certainty and particularity"; a failure to do so "ordinarily results in its waiver"). Rule 8(c) explains what is required to affirmatively plead a defense: "Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved."

No one would suggest, in light of this requirement, that a bald assertion in an answer that the defendant was incorporating by reference all of the affirmative defenses listed in Rule 8(c) was sufficient to avoid waiver of one of the defenses included in that rule. *See* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1274, at 617 (3d ed. 2004) (although an affirmative defense may be pled in general terms it must give the plaintiff "fair notice of the nature of the defense"). Yet, defendant's wholesale incorporation of Rule 12(b) is logically no different. There is no reasonable rationale

for requiring less specificity in pleading for Rule 12(b) defenses than for Rule 8(c) affirmative defenses, especially in light of Rule 12(b) and (h)'s purpose of ensuring that defenses specified in Rule 12 are resolved at an early stage in the litigation. Less specificity leads to delay in resolution.

This Court has also held that a defendant "fulfills his obligation to inform the court and his opponent of possible jurisdictional defects" when he "has alerted the opponent and given him the opportunity to cure any jurisdictional defect from the outset." *Ryals v. Hall-Lane Moving & Storage Co.*, 122 N.C. App. 242, 248, 468 S.E.2d 600, 604, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). I would hold that because defendant's answer never mentions Rule 12(b)(5) or the sufficiency of the service of process and because defendant's motion to dismiss specifically raising this defense was filed eight months after the answer and five months after the statute of limitations ran— thereby denying plaintiff any opportunity to cure any deficiency— defendant waived the defense under Rule 12(h)(1). *See also Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990) (defense of insufficiency of service waived despite answer's assertion of a lack of personal jurisdiction because: "[The defendant] did nothing to alert [the plaintiff] promptly that its lack-of-jurisdiction claim was in fact a contention that service of process was insufficient. . . . A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.").

My conclusion is further supported by Rule 10(b) of the Rules of Civil Procedure, which provides that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which be [sic] limited as far as practicable to a statement of a single set of circumstances . . . . [E]ach defense other than denials shall be stated in a separate . . . defense whenever a separation facilitates the clear presentation of the matters set forth." Because of the nature of the Rule 12(b) defenses—which rarely overlap—I believe that "the clear presentation" of the defenses requires that each defense be set forth separately.[1]

---

1. I recognize that in some special circumstances multiple defenses—such as subject matter jurisdiction and personal jurisdiction—may arise out of the same facts and justify consolidation in a single paragraph, but that is not the situation in the usual case.

Finally, I note that a catch-all defense such as the one relied upon here raises Rule 11 concerns. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (holding that "the practice of 'throwing in the kitchen sink' at times may be so abusive as to merit Rule 11 condemnation," but finding no Rule 11 violation in that case). Under Rule 11(a), the attorney's signature on the answer "constitutes a certificate by him . . . that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . ." A defense that broadly incorporates by reference all of the defenses contained in Rule 12(b) without explanation or distinction among the defenses raises a red flag that the attorney has not conducted the required factual or legal inquiry necessary to determine whether those defenses are in fact applicable. For example, it is difficult to see how Rule 12(b)(1) (lack of subject matter jurisdiction) could possibly be relevant in this particular automobile accident litigation. A defendant's counsel cannot, under Rule 11, simply reference all possible defenses in order to avoid waiving a defense unless he or she has conducted the inquiry required to determine that the defense is viable.

For the foregoing reasons, I agree that the trial court erred in granting defendant's motion to dismiss.