William NORKUNAS, Plaintiff,

v.

NC HOTEL ASSOCIATES LTD., Defendant.

No. 1:09CV725.

United States District Court, M.D. North Carolina.

June 6, 2011.

Christopher D. Lane, Attorney at Law, Clemmons, NC, Pete M. Monismith, Thomas B. Bacon, P.A., Apollo, PA, for Plaintiff.

Kenneth Paul Carlson, Jr., Constangy Brooks & Smith, LLC, Winston–Salem, NC, Michelle Rippon, Constangy Brooks & Smith, LLC, Asheville, NC, for Defendant.

## ORDER

CATHERINE C. EAGLES, District Judge.

This matter is before the Court on Plaintiff's Motion for Entry of Judgment After Default (Doc. 14) and Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. 18.) While not completely clear from the Plaintiff's recent pleadings, it appears that the Plaintiff contends both that it properly served the existing Defendant (Doc. 19) and that it named and served the wrong Defendant (Doc. 18 at ¶ 3). The Court concludes that the Plaintiff failed to obtain service on the named Defendant within 120 days after the complaint was filed and the case must be dismissed.

For purposes of these motions, the Court will view the record in the light most favorable to the Plaintiff. The Plaintiff filed suit against "NC Hotel Associates Ltd.," alleging it owned and operated a Days Inn motel in violation of the Americans with Disabilities Act. (Doc. 1 at ¶ 7.) The Plaintiff decided to sue this entity based on information in the Forsyth County Tax Assessor's records.[1] (Doc 18 at ¶ 2.) The summons was directed to "NC Hotel Associates Ltd., a North Carolina Company," with an address at "122 Woodlawn Rd. W, Charlotte" (Doc. 2); there is no evidence of the source of this address,

---

1. Plaintiff states in his motion to amend that he decided to sue this entity based "in part" on the tax records, Doc. 18 at ¶ 2, but does not provide any of the other information on which he made this decision.

no evidence concerning who or what was located at this address, and no evidence that it was at that time the address of the registered agent for "NC Hotel Associates Ltd."

Thereafter, the summons and complaint were personally served on someone named Shirley Brown, who is identified on the return of service as "Manager." (Doc. 7 at 1.) There is no evidence concerning where service took place and there is no other evidence of Ms. Brown's connection to or role with the named Defendant.

In May 2011, the Secretary of State's records showed that an entity known as "NC North Carolina Hotel Associates Limited Partnership" had a registered agent at the Woodlawn Road address in Charlotte. (Doc. 19, Ex. A.)

█ Plaintiff contends he effected proper service in a manner allowed by state law, as authorized by Federal Rule of Civil Procedure 4(h). Specifically, he contends he served the general manager of a business operated by a partnership, citing *Steffey v. Mazza Construction Group Inc.*, 113 N.C.App. 538, 439 S.E.2d 241 (1994), as authorized by North Carolina Rule of Civil Procedure 4(j2)(2). (Doc 19 at 2.) While it is possible Ms. Brown is a general manager, there is no evidence of that in the record. Counsel's speculation in its brief is not evidence, but to the extent it should be considered it indicates Ms. Brown is a general manager for North Carolina Hotel Associates Limited Partnership, not for the named Defendant NC Hotel Associates Ltd. (Doc 19 at 3.)

█ The burden is on the Plaintiff to show that the service of process and the process itself meet the requirements of Rule 4. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C. 1996). In the absence of any evidence that Ms. Brown is a general manager of NC Hotel Associates Ltd., there has not been sufficient proof of service. *See Tietex In-*

teriors v. Am. Furniture Mfg., 1:06–CV–503, 2008 WL 906318, 2008 U.S. Dist. LEXIS 26809 (M.D.N.C. Apr. 1, 2008) (the burden of proving agency of the person served is on the plaintiff); *cf. Norfolk Southern Ry. v. Old Stage Partners, LLC*, No. 5:07–CV–457–F, 2008 WL 5220219, 2008 U.S. Dist. LEXIS 100561 (E.D.N.C. Dec. 12, 2008) (when evidence did not establish where service was obtained or that the person served was officer, director, or managing agent, plaintiff did not meet burden to show proper service).

█ Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In this case, an order to make service within a specified time would not be productive, as apparently the Plaintiff has named the wrong entity as defendant. (See Doc. 18.) Moreover, the Plaintiff was not diligent in obtaining good service. Therefore, the case against NC Hotel Associates Ltd. should be dismissed on the Court's motion.

█ Certainly the rules concerning service of process are full of technical requirements and corporate identities can sometimes be confusing, but those are reasons to be diligent and careful. "[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir.Md.1984). These rules are longstanding, jurisdictional, and mandatory.

Plaintiff's Motion to Amend is granted in the Court's discretion.

It is ORDERED that:

1. The Motion for Entry of Judgment After Default (Doc. 14) is DENIED.

2. The Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 18) is GRANTED.  The Plaintiff has until June 13, 2011 to file an Amended Complaint naming the proper defendant.  Plaintiff shall thereafter undertake prompt and diligent effort to serve the new defendant and to file proof of service promptly.

3. The claims against NC Hotel Associates Ltd. are dismissed without prejudice on the Court's motion pursuant to Fed.R.Civ.P. 4(m) for failure to obtain service within 120 days of filing the complaint.