JOY A. STACK, as Administratrix of The Estate of STACY B. STACK, Plaintiff-Appellant v. UNION REGIONAL MEMORIAL MEDICAL CENTER, INC., and CAROLINAS HEALTHCARE FOUNDATION, INC. d/b/a UNION REGIONAL MEDICAL CENTER, Defendants-Appellees

No. COA04-914

(Filed 5 July 2005)

**Process and Service— validity of alias or pluries summons— relation back—summons listed different corporation**

The trial court did not err by granting summary judgment in favor of defendant hospital based on the fact that the summons issued against defendant was not a valid alias or pluries summons under N.C.G.S. § 1A-1, Rule 4(d), because: (1) the original civil summons was not directed to defendant and was actually served on a foundation, and thus the subsequent issuance of a summons against defendant did not relate back to the original summons; (2) plaintiff did not attempt service on defendant through the wrong registered agent when the summons listed an entirely different corporation, and plaintiff never attempted service on defendant until almost five months after service was due; (3) it would be inconsistent to hold that an action against multiple defendants can be commenced by issuing a summons to a single defendant with process and service to the other defendants to come at plaintiff's leisure; and (4) plaintiff presented no evidence that defendant had actual notice of the suit, and further our courts have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute.

**STACK v. UNION REG'L MEM'L MED. CTR., INC.**

[171 N.C. App. 322 (2005)]

Appeal by plaintiff from order entered 20 February 2004 by Judge W. David Lee in Superior Court, Union County. Heard in the Court of Appeals 9 March 2005.

*Karen Zaman & Associates, by Karen Zaman, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein L.L.P., by Harvey L. Cosper, Jr. and John E. Grupp, for defendant-appellee Union Regional Memorial Medical Center, Inc.*

McGEE, Judge.

Joy A. Stack (plaintiff) appeals from an order entered 20 February 2004 granting summary judgment in favor of defendant Union Regional Memorial Medical Center, Inc. (Union Regional).

Plaintiff originally filed a complaint against Union Regional on 13 November 2000. Plaintiff served the complaint on Union Regional's registered agent, Libby Drury, on 13 November 2000. Plaintiff filed a voluntary dismissal without prejudice of all claims pending against Union Regional on 23 May 2002.

Plaintiff filed a second complaint on 20 May 2003 against Union Regional and "Carolinas Healthcare Foundation, Inc. d/b/a Union Regional Medical Center." A summons was issued on 20 May 2003 for service on Scott Kerr, registered agent for Carolinas Healthcare Foundation, Inc. (the Foundation). The summons was returned not served, and subsequently endorsed on 16 July 2003. The summons and complaint were served on Scott Kerr by certified mail on 24 July 2003. No summons was issued to or served on Union Regional.

The Foundation filed a motion for summary judgment on 26 September 2003. The motion stated, in pertinent part:

12. The Foundation has never done business as Union Regional[.] Furthermore, the Foundation has never owned, merged with, operated or controlled Union Regional. . . .

13. The Foundation is a charitable organization. It does not currently and did not in July 1997 engage in the provision or supervision of healthcare services. . . .

. . . .

16. Scott Kerr is not the registered agent for Union Regional . . ., and the Foundation is not authorized to accept service of legal documents on Union Regional. . . .

Plaintiff thereafter obtained a civil summons for Union Regional and served the summons and complaint by certified mail on 14 October 2003 on Keith A. Smith, the registered agent for Union Regional at that time. Union Regional filed a motion to dismiss, or in the alternative a motion for summary judgment, on 10 December 2003. Union Regional contended that plaintiff was required to recommence its action against Union Regional by 23 May 2003 under the requirements of Rule 41, which states that "a new action based on the same claim may be commenced within one year after such dismissal[.]" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2003). Although plaintiff filed her second complaint on 20 May 2003, a summons was not issued against Union Regional until 14 October 2003. Union Regional claimed that the 14 October 2003 summons was a new summons, and not a valid alias or pluries summons. Union Regional argued that, therefore, plaintiff failed to recommence its action against Union Regional until 14 October 2003, almost five months after the 20 May 2003 deadline.

In orders entered 20 February 2004, the trial court granted both Union Regional's and the Foundation's motions for summary judgment. Plaintiff appeals only from the order granting summary judgment for Union Regional.

Plaintiff's sole assignment of error contends that the trial court erred in granting Union Regional's motion for summary judgment because the summons issued against Union Regional was a valid alias or pluries summons. Rule 4 of the North Carolina Rules of Civil Procedure governs the procedures for service of process. N.C. Gen. Stat. § 1A-1, Rule 4 (2003). A summons must be issued within five days of the filing of a complaint. N.C.G.S. § 1A-1, Rule 4(a). That summons must then be served on a defendant "within 60 days after the date of the issuance of summons." N.C.G.S. § 1A-1, Rule 4(c). If service cannot be made to a defendant within that time,

the action may be continued in existence as to such defendant by either of the following methods of extension:

(1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. . . . Such endorsement may

be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain or summonses or within 90 days of the last prior endorsement.

N.C.G.S. § 1A-1, Rule 4(d). If neither of these deadlines are met,

the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, *but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.*

N.C.G.S. § 1A-1, Rule 4(e) (emphasis added).

Plaintiff first contends that the 14 October 2003 summons was a valid alias or pluries summons properly issued within ninety days of the 16 July 2003 endorsement of the original 20 May 2003 summons. Plaintiff argues that case law supports the substitution of Union Regional for the Foundation as the named defendant in the 20 May 2003 summons. We disagree.

As the text of Rule 4(d) makes clear, an alias or pluries summons is simply an extension of the deadline for service of the original summons: "When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension . . . ." N.C.G.S. § 1A-1, Rule 4(d); *see also Tyson v. L'Eggs Products, Inc.*, 84 N.C. App. 1, 5, 351 S.E.2d 834, 837 (1987) ("The function of an alias [or] pluries summons is to keep a lawsuit alive and maintain the original date of the commencement of the action when the original summons has not been properly served upon the original defendant named therein."). Therefore, the validity of an alias or pluries summons is dependent on the validity of the original summons.

Since the original civil summons was not directed to Union Regional, the subsequent issuance of a summons against Union Regional did not relate back to the original summons. *See Roshelli v.*

*Sperry,* 63 N.C. App. 509, 511, 305 S.E.2d 218, 219, *disc. review denied,* 309 N.C. 633, 308 S.E.2d 716 (1983). In *Roshelli,* the plaintiff filed a complaint on 27 March 1981 against the defendant seeking recovery for personal injuries when the defendant's daughter negligently drove the defendant's car. *Id.* at 510, 305 S.E.2d at 218. A summons was issued that same day in the name of the defendant's daughter. *Id.* However, a summons was not issued in the name of the defendant until 7 April 1981, eleven days after the complaint was filed. *Id.* We held that the 7 April 1981 summons did not relate back to the 27 March 1981 summons: "The purpose of Rule 4(d) is only to keep the action alive by means of an endorsement on the original summons or by issuance of an alias or pluries summons in situations where the original, properly directed summons was not yet served." *Id.* at 511-12, 305 S.E.2d at 219. Since the original summons was not properly directed to the defendant, and was actually served on another individual, Rule 4(d) did not apply and the summons was not a valid alias or pluries summons. *Id.*

The present case is similar to *Roshelli* in that the original summons was not directed to or served on Union Regional, but rather an entirely different entity. Since there was not a properly directed summons that was merely not served, Rule 4(d) does not apply and the subsequent summons is not a valid alias or pluries summons that relates back to the original summons. Therefore, plaintiff's service of process on Union Regional fell outside of the statutorily authorized time.

Plaintiff argues that her summons merely names the incorrect agent, not the incorrect defendant, and that summary judgment was therefore improper. In support of her argument, plaintiff relies on *Tyson.* In *Tyson,* the plaintiff directed the summons to "L'eggs Products, Inc. c/o Registered Agent Proctor-Wayne Leggett." *Tyson,* 84 N.C. App. at 3, 351 S.E.2d at 836. However, Proctor-Wayne Leggett was the registered agent for "Leggs, Inc.," a corporation that had no relation to L'eggs Products, Inc. *Id.* at 4, 351 S.E.2d at 836. The plaintiff thereafter served an alias or pluries summons on the Vice President of Manufacturing for L'Eggs Products, Inc. *Id.* We held that the original summons complied with the Rule 4 requirement that a summons "be directed to the defendant," N.C.G.S. § 1A-1, Rule 4(b), since "th[e] summons was directed to the corporate defendant *in care of* the agent." *Id.* at 5, 351 S.E.2d at 836.

We find *Tyson* inapposite to this case. Plaintiff did not attempt service on Union Regional through the wrong registered agent.

Rather, plaintiff never attempted service on Union Regional until almost five months after service was due. The original summons in this case named an entirely different corporation, not just a different agent. Therefore, the summons did not comply with the Rule 4(b) requirement that a summons "be directed to the defendant." N.C.G.S. § 1A-1, Rule 4(b).

Plaintiff next argues that the Rule 4 requirement that a summons be issued within five days does not signify a requirement that a summons be issued to *each* defendant in the case, but simply that *a* summons be issued within that time frame. Thus, plaintiff argues that Rule 4 is satisfied if a summons is issued to *any* one of the defendants within five days of filing a complaint.

Rule 4(b) explicitly states: "[The summons] shall be directed to the defendant or defendants and shall notify *each defendant* to appear and answer within 30 days after its service upon [the defendant or the defendants] . . . ." N.C.G.S. § 1A-1, Rule 4(b) (emphasis added).

While this Court has never directly addressed this question, we have previously held that a plaintiff has only a five-day window within which to commence suit by issuing a summons. *See, e.g., Selph v. Post,* 144 N.C. App. 606, 607, 552 S.E.2d 171, 172 (2001); *County of Wayne ex rel. Williams v. Whitley,* 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984). It would be inconsistent with such holdings to now hold that an action against multiple defendants can be commenced by issuing a summons to a single defendant, with process and service to the other defendants to come at plaintiff's leisure. "The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced[.]" *Jester v. Steam Packet Co.,* 131 N.C. 54, 55, 42 S.E. 447, 448 (1902); *see also Harris v. Maready,* 311 N.C. 535, 541-42, 319 S.E.2d 912, 916 (1984); *Wiles v. Construction Co.,* 295 N.C. 81, 84, 243 S.E.2d 756, 758 (1978); *Morton v. Insurance Co.,* 250 N.C. 722, 725, 110 S.E.2d 330, 332 (1959); *Farr v. City of Rocky Mount,* 10 N.C. App. 128, 130, 177 S.E.2d 763, 764 (1970), *cert. denied,* 277 N.C. 725, 178 S.E.2d 831 (1971). Such notice cannot be accomplished when service of *summons is not* made to each individual defendant.

Plaintiff suggests that, because the Foundation and Union Regional share the same attorney and have registered agents for service at the same address, Union Regional must have known about the

suit. This argument is without merit. Plaintiff has presented no evidence that Union Regional had actual notice of the suit. Furthermore, our Courts have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute. *See Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E.2d 146, 148 (1977) (" '[W]here a statute provides for service of summons or notices in the progress of a cause by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service.' " (quoting *Lowman v. Ballard*, 168 N.C. 16, 18, 84 S.E. 21, 22 (1915))); *Philpott v. Kerns*, 285 N.C. 225, 228, 203 S.E.2d 778, 780 (1974) (finding that actual notice is not a substitute for valid service in accordance with the statute); *Roshelli v. Sperry*, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982) ("It is generally held that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit.").

We find plaintiff's arguments to be without merit. We affirm the order of the trial court granting summary judgment to Union Regional.

Affirmed.

Judges BRYANT and JACKSON concur.