ATKINSON v. LESMEISTER

[186 N.C. App. 442 (2007)]

———————

JAMES ATKINSON, Plaintiff v. TANYA LYNN LESMEISTER and MARY LOU MOTT, ADMINISTRATRIX OF THE ESTATE OF WILLIAM LEE MOTT, Defendants

No. COA06-1677

(Filed 16 October 2007)

1. **Process and Service— failure to secure service of process—dismissal of action with prejudice—agency claim**

The trial court did not err in a negligence action arising out of an automobile accident by dismissing plaintiff's complaint against defendant estate with prejudice because: (1) plaintiff's failure to secure service of process on the individual defendant, the purported driver of the vehicle involved in the accident, absolved the owner of the automobile, the deceased, of any liability; (2) although plaintiff properly filed both his original complaint and his complaint following the voluntary dismissal within three years of the accident, plaintiff's action must be discontinued under N.C.G.S. § 1A-1, Rule 4(e) since he failed to have an endorsement by the clerk or an alias and pluries summons issued following the expiration of the statute of limitations, and his claim against the individual defendant is a claim against an agent; (3) although it was not necessary to name the individual defendant as a party in the original action, once named as a party, she was required to have proper service; (4) such a dismissal is with prejudice, and operates as a disposition on the merits and pre-

ATKINSON v. LESMEISTER

[186 N.C. App. 442 (2007)]

cludes litigation in the same manner as if the action had been prosecuted to a full adjudication against plaintiff; and (5) the individual defendant has no liability to impute to the estate since the summons as to the individual defendant was allowed to lapse and the statute of limitations has since run.

**2. Agency— prima facie case—mistaken use of rule of evidence as a rule of law**

The trial court did not err in a negligence action arising out of an automobile accident by dismissing plaintiff's complaint against an estate with prejudice even though plaintiff contends he had a prima facie case of agency under N.C.G.S. § 20-71.1 that survived defendant's motion to dismiss, because: (1) plaintiff mistakenly used N.C.G.S. § 20-71.1 as a rule of law rather than a rule of evidence; (2) the purpose of N.C.G.S. § 20-71.1 was to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another; and (3) plaintiff cannot use a rule of evidence to establish he had a prima facie case of agency that survived defendant's motion to dismiss.

Appeal by plaintiff from order entered 29 September 2006 by Judge Steve A. Balog in Sampson County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Brent Adams & Associates, by Brenton D. Adams, for plaintiff-appellant:*

*Walker, Allen, Grice, Ammons & Foy, LLP, by O. Drew Grice, Jr., for defendants-appellees.*

CALABRIA, Judge.

James Atkinson ("plaintiff") appeals from order by the trial court dismissing his action with prejudice. We affirm.

On or about 20 March 2003, plaintiff was a passenger in a vehicle driven by Tanya Lesmeister ("defendant Lesmeister") that was involved in a motor vehicle accident. The motor vehicle was owned by William Lee Mott who subsequently died on 25 July 2003. Mary Lou Mott ("defendant Mott") qualified as the Administratrix of the Estate of the Late William Lee Mott ("the Estate").

As a result of the accident, plaintiff suffered serious injuries. On 10 February 2006, plaintiff filed a second complaint, approximately

ATKINSON v. LESMEISTER

[186 N.C. App. 442 (2007)]

two weeks after filing a voluntary dismissal without prejudice for the initial complaint which had been filed on 31 January 2006. On 12 April 2006, plaintiff obtained service of process on the Estate, but service was never obtained on defendant Lesmeister. Defendant Mott filed an answer on 9 June 2006, after the court granted an extension of time for her to file an answer. Defendant Mott's answer, on behalf of the Estate, included a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and also alleged plaintiff's claim for relief was barred by the applicable statute of limitations. Subsequently, on 24 July 2006, defendant Mott filed a separate motion to dismiss and alleged *inter alia*, "there are no independent claims of negligence against the Estate."

On 27 July 2006, plaintiff moved the court for leave to file an amended complaint. The trial court granted plaintiff's motion on 18 September 2006. On 29 September 2006, the Honorable Steve A. Balog, Superior Court Judge presiding, signed an order dismissing plaintiff's complaint against the Estate. Plaintiff appeals.

[1] Plaintiff argues on appeal that the trial court erred in dismissing plaintiff's complaint against the Estate. Plaintiff argues the Estate was properly served and plaintiff's amended complaint validly set out a cause of action against the Estate based upon the legal theory of respondeat superior. We disagree.

The crucial issue in this case is whether plaintiff's failure to secure service of process on defendant Lesmeister, the purported driver of the vehicle involved in the accident, also absolves the owner of the automobile, the late William Lee Mott, of any liability.

The standard of review for the dismissal of a complaint is *de novo*. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). "The word '*de novo*' means fresh or anew; for a second time; and a *de novo* trial in appellate court is a trial as if no action whatever had been instituted in the court below." *In Re Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964) (quoting *In Re Farlin*, 350 Ill. App. 328, 112 N.E.2d 736 (Ill. App. 1953)).

A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure tests the legal sufficiency of the complaint by presenting "the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991)

(citation omitted), *rev'd in part on other grounds*, 328 N.C. 689, 403 S.E.2d 469 (1991). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000). "The plaintiff must allege the substantive elements of a valid claim." *Acosta v. Byrum*, 180 N.C. App. 562, 566-67, 638 S.E.2d 246, 250 (2006) (citing *Hewes v. Johnston*, 61 N.C. App. 603, 604, 301 S.E.2d 120, 121 (1983)).

Rule 4 of the North Carolina Rules of Civil Procedure governs this case. Rule 4(e) of the North Carolina Rules of Civil Procedure states as follows:

> [w]hen there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.

N.C. Gen. Stat. § 1A-1, Rule 4 (2007).

Rule 4(b) establishes that each defendant must be served with a summons. If a summons cannot be served within the time allowed, an extension may be granted according to Rule 4(d). Here, plaintiff properly filed both his original complaint, and his complaint following the voluntary dismissal, within three years of the accident. However, plaintiff's action must be discontinued pursuant to Rule 4(e) for two reasons. First, he failed to have an endorsement by the clerk or an alias and pluries summons issued following the expiration of the statute of limitations. Second, his claim against Lesmeister is a claim against an agent.

Although it was not necessary to name Lesmeister as a party in the original action, once named as a party, she was required to have proper service. *See Graham v. Hardee's Food Systems*, 121 N.C. App. 382, 385, 465 S.E.2d 558, 560 (1996) (a principal is properly dismissed given once it has been "judicially determined" that the employee or agent is not liable for any tortious conduct); N.C. Gen. Stat. § 1A-1, Rule 41(a) ("notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on

or including the same claim"). Furthermore, in *Barnes v. McGee,* 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974), this Court held that such a dismissal is "with prejudice," and it operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff. In the case *sub judice,* since the summons as to Lesmeister was allowed to lapse and the statute of limitations has since run, Lesmeister has no liability to impute to the Estate. Therefore, neither Lesmeister nor the Estate can be determined judicially to be negligent. Thus, plaintiff's cause of action against the Estate must fail.

**[2]** Lastly, plaintiff argues he has established a *prima facie* case of agency pursuant to N.C. Gen. Stat. § 20-71.1 (2006) and is therefore entitled to judgment in his favor. However, plaintiff's reliance on N.C. Gen. Stat. § 20-71.1 is misplaced. This statute provides:

> In all actions to recover damage for injury to the person or to property . . . rising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such incident or collision shall be prima facie evidence that the motor vehicle is being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which injury or cause of action arose.

N.C. Gen. Stat. § 20-71.1 (2006).

Plaintiff asserts defendant failed to deny the deceased owned the automobile involved in the collision; therefore, defendant admitted that the deceased was the owner of the automobile. Plaintiff asserts defendant's admission suffices, by virtue of N.C. Gen. Stat. § 20-71.1, as a matter of law to establish a *prima facie* case of liability against the defendant under the legal doctrine of respondeat superior. Plaintiff mistakenly uses N.C. Gen. Stat. § 20-71.1 as a rule of law rather than a rule of evidence. *Hartley v. Smith,* 239 N.C. 170, 177, 79 S.E.2d 767, 772 (1954). "The statute was designed to create a rule of evidence. Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another." *Id.* (citation omitted).

In conclusion, since the driver of the automobile was not properly served, she cannot be held liable for negligence, and therefore there is no negligence to impute to the owner of the automobile. Because there is no negligence to impute to the owner of the auto-

mobile, plaintiff cannot use a rule of evidence to establish plaintiff has a *prima facie* case of agency that survives defendant's motion to dismiss and the order of the trial court is affirmed.

Affirmed.

Judges GEER and JACKSON concur.