SHIRLEY A. OSMAN, Plaintiff-Appellant,
v.
CHARLES EDWARD REESE, VINCENT JAMES WOOD, and SUMITOMO CORPORATION OF AMERICA, TBC PRIVATE BRANDS, INC. a/k/a TBC CORPORATION, TIRE KINGDOM, INC. d/b/a MERCHANT'S TIRE & AUTO CENTERS, Defendants-Appellees.
No. COA09-950
Court of Appeals of North Carolina.
Filed April 6, 2010
This case not for publication
McAllister & Tyrey, PLLC, by Walter W. Baker III, for Plaintiff-Appellant.
Robinson & Lawing, L.L.P., by Robert J. Lawing and H. Brent Helms, for Defendants-Appellees.
McGEE, Judge.
Shirley A. Osman (Plaintiff) filed a complaint on 9 June 2008, alleging that, as she was sitting in her parked vehicle in the parking lot of Defendant Tire Kingdom, Inc. d/b/a/ Merchant's Tire & Auto Centers (Merchant's Tire), a vehicle driven by Defendant Charles Edward Reese (Reese), a Merchant's Tire employee, and owned by Defendant Vincent James Wood (Wood), a Merchant's Tire customer, collided with Plaintiff's vehicle. Plaintiff further alleged that she suffered injuries as a result of the 9 June 2005 accident.
Plaintiff attempted service of process by certified mail, return receipt requested, on all Defendants: Reese, Merchant's Tire, Wood, and Sumitomo Corporation of America a/k/a TBC Private Brands, Inc. a/k/a TBC Corporation (Sumitomo). Sumitomo was sued because Plaintiff alleged Sumitomo owned the Merchant's Tire location where the accident occurred. Return receipts were obtained by Plaintiff from all Defendants except Reese, whose envelope containing Plaintiff's summons and complaint was returned unclaimed. Plaintiff again sent a summons and complaint by certified mail to Reese at Reese's work address at Merchant's Tire. A co-worker of Reese, W.K. Stack (Stack), signed for the certified letter, and the signed return receipt was sent back to Plaintiff. Merchant's Tire and Reese filed motions to dismiss and answers to Plaintiff's complaint on 7 August 2008. They moved to dismiss with prejudice the claim against Reese for insufficiency of service of process. Merchant's Tire and Reese further argued that the statute of limitations for Plaintiff's action had run before 7 August 2008 and therefore Plaintiff was time-barred from attempting to effectuate proper service on Reese. Finally, Merchant's Tire and Reese argued that, because the action against Reese should be dismissed, North Carolina law required that the action against Merchant's Tire should also be dismissed. Sumitomo also filed a motion to dismiss on 7 August 2008, claiming it did not own or operate Defendant Merchant's Tire nor employ Reese at the time of the accident.
The trial court entered an order on 27 January 2009, granting the 7 August 2008 motions to dismiss. The trial court ruled that Reese had not received proper service of process, and that the time allowed for service of process in the action had passed. The trial court therefore dismissed the claim against Reese with prejudice. The trial court further ruled that, because the claim against Reese had been dismissed, the claim against Merchant's Tire must also be dismissed. Finally, the trial court dismissed the claim against Sumitomo. Subsequent to the 27 January 2009 order of the trial court, Plaintiff voluntarily dismissed, without prejudice, her claim against Wood, and she appealed the dismissals of her claims against Reese and Merchant's Tire. Plaintiff does not appeal that portion of the trial court's 27 January 2009 order dismissing the claim against Sumitomo.
In Plaintiff's first argument, she contends that the trial court erred in dismissing Plaintiff's claim against Reese based upon insufficiency of service of process. We disagree.
A party may assert the defenses of insufficiency of process and insufficiency of service of process in its responsive pleading or by motion. N.C. Gen. Stat. § 1A-1, Rule 12(b) (1990). These defenses, "whether made in a pleading or by motion, . . . [are to] be heard and determined before trial on application of any party, unless the judge orders that the hearing and determination thereof be deferred until the trial." N.C. Gen. Stat. § 1A-1, Rule 12(d). And if it is determined that there was no valid service of process, the court acquires no jurisdiction over defendant.
Affidavits, and not oral testimony, are the preferred mode of testimony in pretrial motion and defense hearings. Moreover, our Supreme Court has continued to allow the use of affidavits to prove non-service.
Ryals v. Hall-Lane Moving & Storage Co., 122 N.C. App. 242, 244-45 468 S.E.2d 600, 602-03 (1996) (internal citations omitted).
Plaintiff argues that process was properly served on Reese because Plaintiff mailed a copy of the summons and complaint by certified mail, return receipt requested, to Reese at his place of business, Merchant's Tire. However, Reese did not sign the receipt; his co-worker Stack signed the receipt. Stack signed an affidavit stating that he was not, and had never been, an agent of Reese. Stack further stated that he did not believe Reese was at work when Stack signed for the summons and complaint, and that he "placed the documents that I signed for on the manager's counter with the understanding that they would be placed in the mailbag to go to the corporate office. I never provided copies to [Reese]." Reese signed affidavits averring that he had never been served with process in this case, and that he never "received a copy of the Summons and Complaint that was purportedly mailed to me c/o Merchant's Tire[.]" Reese further stated that he had never authorized anyone at Merchant's Tire to accept service on his behalf.
N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2007) authorizes service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." Id. (emphasis added). In the case before us, the affidavits of Reese and Stack support a conclusion that the summons and complaint were never "delivered" to Reese. N.C. Gen. Stat. § 1-75.10 (2007) states in relevant part:
(a) Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:
. . . .
(4) Service by Registered or Certified Mail.  In the case of service by registered or certified mail, by affidavit of the serving party averring:
a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
c. That the genuine receipt or other evidence of delivery is attached.
In the case before us, Plaintiff produced evidence, through an affidavit of service with return receipt, that the summons and complaint were delivered to Merchant's Tire, addressed to Reese. This receipt bears Stack's signature. Plaintiff, therefore, produced evidence of proof of service raising a rebuttable presumption
that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode.
N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); In re K.N., 181 N.C. App. 736, 740, 640 S.E.2d 813, 816 (2007).
"Defendant attempted to rebut this presumption [with two] affidavits. . . . As the evidence presented by the parties was contradictory, 'the credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts.' We thus will not disturb the court's findings[.]"
Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 489, 586 S.E.2d 791, 795 (2003) (citations omitted). "[W]here plaintiff and defendant offered contradictory affidavits regarding service of process `it is the duty of the trial court to evaluate such evidence[.]'" Id. (citation omitted).
There is no dispute that Plaintiff did not serve Defendant at his "dwelling house or usual place of abode." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Merchant's Tire and Reese presented two affidavits stating that Stack was not an agent of Reese authorized to accept service on Reese's behalf. It was the province of the trial court to make credibility determinations based upon the evidence before it. There was credible evidence to support the trial court's findings of fact[1], and in turn the trial court's findings of fact support its conclusions of law and its order. Ryals, 122 N.C. App. at 246-47, 468 S.E.2d at 603-04; Tinkham v. Hall, 47 N.C. App. 651, 267 S.E.2d 588 (1980).
Plaintiff further argues that, even if service of process was insufficient pursuant to Rule 4, Reese had actual notice and therefore could not rebut the presumption of service. Plaintiff relies on our Court's opinions in Granville, 160 N.C. App. 484, 586 S.E.2d 791, and Fender v. Deaton, 130 N.C. App. 657, 503 S.E.2d 707 (1998), to support her argument. However, in both Granville and Fender, our Court considered actual notice in reaching its determination that a presumption of proper service had been established by the plaintiffs, and then made a subsequent determination that the defendants had failed to rebut this presumption. Based upon the findings that the defendants had failed to rebut the presumption of proper service, our Court in both Granville and Fender held that proper service of process had been accomplished. Neither Granville nor Fender stands for the proposition that, as long as Reese had actual notice, improper service on Reese would vest the trial court with personal jurisdiction. "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such `actual notice does not give the court jurisdiction over the party.'" Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C. App. 88, 91, 564 S.E.2d 569, 572 (2002) (citation omitted). "'Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.'" Id. (citation omitted). This argument is without merit.
In Plaintiff's second argument, she contends that the trial court erred in dismissing Merchant's Tire from the action. We disagree.
Reese, the only employee of Merchant's Tire who was involved in the accident, was dismissed from the action with prejudice. This dismissal "operate[d] as a disposition on the merits and preclude[d] subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff." Atkinson v. Lesmeister, 186 N.C. App. 442, 446, 651 S.E.2d 294, 297 (2007) (citation omitted). Once it was judicially determined that Reese, the employee, could not be held liable, it necessarily followed that Merchant's Tire, Reese's employer, also could not be found liable. Id. at 444-46, 651 S.E.2d at 296-97. Plaintiff's citations to cases in which a plaintiff voluntarily dismissed an employee defendant with prejudice do not alter this determination, as dismissal in this action was by order of the trial court, not by any motion to dismiss filed by Plaintiff. Dismissal of Merchant's Tire was therefore proper. Id. This argument is without merit.
Affirmed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] We need not even make this determination, as Plaintiff has failed to contest any of the trial court's findings of fact, and they are thus binding on appeal. Estroff v. Chatterjee, 190 N.C. App. 61, 71-72, 660 S.E.2d 73, 79 (2008).