BRYANT, Judge.
Where alias and pluries summonses were not directed to defendant and cannot relate back to the date of plaintiff's original filing, and where any proper summons subsequently issued would issue following the expiration of the statute of limitations, the trial court did not err in granting summary judgment in favor of defendant, and we affirm. Further, because plaintiff's action against defendant must fail, the action against a co-defendant was properly dismissed where the allegations against co-defendant were premised entirely on principles of vicarious liability.
The instant case arises out of an automobile accident that occurred on 30 May 2012 in Fayetteville involving vehicles driven by plaintiff Anita Oates and defendant Phillip Julian Parker. Defendant Jessica Nicole Myer owned the vehicle driven by defendant Parker, and the only allegations of negligence in the complaint as to defendant Myer were premised on vicarious liability. The accident report prepared by the investigating officer listed defendant Parker's address as 211 Sapling Lane in Cameron, North Carolina, but did not indicate whether defendant Parker's name included a suffix (i.e., Jr., Sr., III).
On 8 May 2015, plaintiff filed her complaint in Sampson County Superior Court alleging that defendant Parker was negligent in connection with his operation of a motor vehicle and that such negligence caused injury to plaintiff. The complaint alleged that defendant Myer was the owner of the vehicle driven by defendant Parker at the time of the collision and was therefore also liable to plaintiff for her injuries. Summonses were issued by the Clerk of the Superior Court of Sampson County simultaneously with the filing of the complaint.
On 5 June 2015, plaintiff's attorney filed an Affidavit of Service alleging that service of process was completed pursuant to Rule 4(j) of the North Carolina Rules of Civil Procedure by mailing a copy of the complaint and civil summons to defendant "Phillip Julian Parker" at 386 Valley Pine Lane, Sanford, North Carolina, 27330, by certified mail, return receipt requested. The signature on the domestic return receipt dated 2 June 2015 is illegible, but in Block D, someone printed the name "Phillip Parker Ja" or possibly "Phillip Parker Jr."
On 15 June 2015, defendant Parker filed a motion for extension of time to serve answer, which motion was granted. On 3 August 2015, defendant Parker served his answer and motion to dismiss for lack of personal jurisdiction based on insufficient process and/or service of process, and also asserted the statute of limitations as a defense. On or about 21 August 2015, plaintiff served upon defendant Parker a set of interrogatories, to which defendant Parker responded first by requesting a motion for extension of time, which the court granted. Meanwhile, plaintiff elicited the clerk's issuance of an alias and pluries summons directed to "Phillip Julian Parker" at the 386 Valley Pine Lane address in Sanford on 6 July 2015, and the issuance of subsequent summonses on 31 August and 19 October 2015, and on 7 January, 17 March, and 19 May 2016.
On 11 January 2016, Phillip Julian Parker, Jr., defendant Parker's father, executed an affidavit which stated, in pertinent part, as follows:
1. I am Phillip Julian Parker, III's father.
2. At the time of the accident, my son was living alone at 211 Sapling Lane in Cameron, North Carolina.
3. I live at 386 Valley Pine Lane in Sanford, North Carolina.
4. My son has not lived with me at any time since the date of the accident that he was in on May 30, 2012, and he was not living with me at the Valley Pine Lane address on June 2, 2015.
5. I signed for a package delivered to my home that appeared to be addressed to me on June 2, 2015, but the documents contained therein were clearly meant for service on my son as I had nothing to do with the above referenced accident.
6. I am not authorized to accept legal documents on behalf of my son as he is a grown adult responsible for his own affairs.
A similar affidavit was signed and executed by defendant Parker on the same day.
On 20 June 2016, defendant Parker filed a motion for summary judgment "on the ground that there was no issue as to any material fact with regard to the First and Second Defenses raised in the Answer," lack of personal jurisdiction and the statute of limitations, respectively. Defendant Parker also attached his and his father's affidavits to this motion. On 11 July 2016, the case came on for hearing before the Honorable Phyllis M. Gorham, Judge presiding, in Sampson County Superior Court. By order dated 1 August 2016, the trial court granted defendant Parker's motion for summary judgment and dismissed the action "as to defendant Meyer [sic] whose liability as the owner of the vehicle involved in the accident forming the basis of the plaintiff's Complaint is dependent upon liability being established against the defendant Parker." Plaintiff appeals.
_________________________
On appeal, plaintiff contends the trial court erred in granting defendant Parker's motion for summary judgment and in dismissing plaintiff's claim against both defendants. Specifically, plaintiff contends there was an unbroken chain of summonses directed to both defendants and numerous issues of material fact before the court such that this case should be remanded for a trial on the merits. We disagree.
This Court reviews appeals from summary judgment de novo . In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). "[S]uch judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' " Id. (quoting Forbis v. Neal , 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) ).
"Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days. The complaint and summons shall be delivered to some proper person for service." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2015). Rule 4(j) of the N.C. Rules of Civil Procedure provides that service via certified mail can be accomplished "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." Id. § 1A-1, Rule 4(j)(1) c. "The purpose of the service requirement is to provide notice to the party against whom the proceeding or action is commenced and allow them an opportunity to answer or otherwise plead." Fender v. Deaton , 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998) (citing Hazelwood v. Bailey , 339 N.C. 578, 581, 453 S.E.2d 522, 523 (1995) ). As such, "[s]ervice of process upon one not authorized by appointment or by law to be served or to accept service of process results in a lack of jurisdiction over the party attempted to be served." Carolina Paper Co., Inc. v. Bouchelle , 19 N.C. App. 697, 699, 200 S.E.2d 203, 204 (1973) (citation omitted).
However, Rule 4(d) provides that if a defendant is not served within the time allowed, the plaintiff may "secure an endorsement upon the original summons for an extension of time," N.C.G.S. § 1A-1, Rule 4(d)(1), or "may sue out an alias or pluries summons...." Id. § 1A-1, Rule 4(d)(2) ; see Roshelli v. Sperry , 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982). "The Rule 4(d) provisions for an endorsement on the original summons or issuance of an alias or pluries summons apply only when the original summons was not served , and their purpose is to keep the action alive until service can be made." Id. (emphasis added) (citations omitted). "Therefore, the validity of an alias or pluries summons is dependent on the validity of the original summons." Stack v. Union Reg. Mem'l Med. Ctr., Inc. , 171 N.C. App. 322, 325, 614 S.E.2d 378, 381 (2005).
In Roshelli , the plaintiff sought to recover for personal injuries as a result of a car accident involving the defendant's daughter, who had been driving her father's-the defendant's-car. 57 N.C. App. at 305, 291 S.E.2d at 355. In causing his first summons to be issued the same date he filed his complaint, the plaintiff served the defendant's daughter, not the defendant. Id. at 307, 291 S.E.2d at 356. The summons also incorrectly named the defendant's daughter; the defendant and owner of the vehicle was the only party defendant to the action. Id. The plaintiff's second summons was issued eleven days after the complaint was filed and duly served on the defendant. Id. It also included "an endorsement by the clerk, by which the plaintiff attempted to connect the second summons to the original summons and thus comply with Rule 4(d)...." Id. However, this Court held that " Rule 4(d) is not applicable because the original summons was not issued for service on the defendant but on a person other than defendant, a person not a party to the action ." Id. (emphasis added). As such, this Court concluded that "[t]he plaintiff's argument that the second summons related back under Rule 4(f) to the date of issuance of the original is without merit." Id. at 307, 291 S.E.2d at 356-57.
In the instant case, the clerk issued the first summons the same day plaintiff filed her complaint on 8 May 2015. But the summons and complaint were served on Phillip Julian Parker Jr., defendant Parker's father, at "386 Valley Pine Lane, Sanford, NC 27330." The Sanford address (defendant's father's address) was used for service purposes, despite the fact that the accident report listed defendant Parker's address as 211 Sapling Lane, Cameron, North Carolina as of 30 May 2012, the date of the car accident. The original summons listed "Defendant 1" as "Phillip Julian Parker."
On 6 July 2015, plaintiff had the clerk issue an alias and pluries summons, which included the date the original summons was issued-8 May 2015-and listed the name and address of "Defendant 1" as "Phillip Julian Parker, 386 Valley Pine Lane, Sanford, NC 27330-6374." In other words, the 6 July 2015 alias and pluries summons was identical to the 8 May 2015 original summons, in that it listed defendant Parker's father's address. Plaintiff also proceeded to have the clerk issue five additional alias and pluries summonses on 31 August and 19 October 2015, and on 7 January, 15 March, and 19 May 2016, each one listing defendant as "Phillip Julian Parker, 386 Valley Pine Lane, Sanford, NC 27330-6374."[1]
The summonses in the instant case were never directed to defendant Parker pursuant to Rule 4(b). See N.C.G.S. § 1A-1, Rule 4(b) ("[The summons] shall be directed to the defendant...."). All of the summonses issued by plaintiff were directed to defendant's father at defendant's father's address. Because the six alias and pluries summonses were not directed to defendant Parker, they cannot relate back to the date of the original filing. Thus, any subsequent summons directed to defendant Parker at the proper address would be deemed to commence the action well after 30 May 2015 (the date of expiration of the statute of limitations). Accordingly, plaintiff's action is barred by the statute of limitations, and the trial court did not err in granting defendant Parker's motion for summary judgment.
Having concluded that the trial court's grant of defendant Parker's motion for summary judgment was proper, we also conclude that the trial court did not err in dismissing the case as to defendant Myer.
Where a plaintiff fails to obtain proper service of process on the defendant driver of a vehicle involved in an accident giving rise to a complaint, the case against the defendant owner of the vehicle, if sued solely on agency principles, should be dismissed as well. Atkinson v. Lesmeister , 186 N.C. App. 442, 446, 651 S.E.2d 294, 297 (2007) ("[S]ince the driver of the automobile was not properly served, she cannot be held liable for negligence, and therefore there is no negligence to impute to the owner of the automobile."); cf. Roshelli , 57 N.C. App. at 307, 291 S.E.2d at 356-57 (holding that summons did not relate back to original filing where summons was served on the driver of the vehicle (the daughter of the vehicle's owner) who was not a party defendant).
Here, the complaint alleges that defendant Myer was the owner of the vehicle driven by defendant Parker, and further alleges that any negligence of defendant Parker would be imputed to defendant Myer. As there are no direct allegations of negligence against defendant Myer, where defendant Parker was not properly served within the statute of limitations and cannot be held liable for negligence, there is, therefore, no negligence to impute to defendant Myer, the owner of the automobile. See Roshelli , 57 N.C. App. at 307, 291 S.E.2d at 356-57 ; see also Atkinson , 186 N.C. App. at 446, 651 S.E.2d at 297.
In conclusion, where alias and pluries summonses cannot relate back to the date of plaintiff's original filing and any proper summons subsequently issued would issue following the expiration of the statute of limitations, the trial court did not err in granting summary judgment in favor of defendant Parker. Further, given that the allegations against defendant Myer were premised entirely on principles of vicarious liability, we affirm.
AFFIRMED.
Report per Rule 30(e).
Judges INMAN and ZACHARY concur.

Defendant Parker's address changed around the beginning of October 2015. His new address was listed in an answer to interrogatories requested by plaintiff. However, this document-Defendant Phillip Julian Parker's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents-includes no certificate of service. Accordingly, there is no clear evidence in the record to indicate that plaintiff ever became aware of defendant Parker's October 2015 address change. But, even so, defendant Parker's address-211 Sapling Lane, Cameron, North Carolina-was clearly printed on the accident report, of which plaintiff or plaintiff's attorney presumably had a copy.